```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MANUEL DESOUSA and PAUL DESOUSA,

          Plaintiffs,

vs.                                Case No. 2:09-cv-504-FtM-29DNF

ANUPAM ENTERPRISES, INC., a Florida
Corporation doing business in
Florida as Rightway Foodmart, and
CITGO PETROLEUM CORPORATION, a
Foreign corporation,

          Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant Anupam Enterprises, Inc. d/b/a Rightway Foodmart's Motion to Dismiss Class Action Complaint (Doc. #7) filed on September 8, 2009. Plaintiffs filed a Response (Doc. #15) on September 21, 2009. Also before the Court is Defendant Citgo Petroleum Corporation's Rule 12(b)(6) Motion to Dismiss and Supporting Memorandum of Law (Doc. #12) filed on September 18, 2009. Plaintiffs filed a Response (Doc. #22) on October, 1, 2009. Additionally, before the Court is Defendant Anupam Enterprises, Inc. d/b/a/ Rightway Foodmart's Motion for Costs and For Stay Pending Payment of Costs With Incorporated Memorandum of Law (Doc. #9) filed on September 8, 2009. Plaintiffs filed a Response (Doc. #11) on September 18, 2009.

**I.**

The Court will first address the motion for costs. On or about January 28, 2008, Manuel Desousa and Paul Desousa (the Desousas or plaintiffs) filed a complaint against Defendant Anupam Enterprises, Inc. d/b/a/ Rightway Foodmart (Rightway Foodmart) alleging a violation of the Fair and Accurate Credit Transaction Act (FACTA). (Doc. #9, ¶ 1.) That action was styled as Case No. 2:08-cv-69-Ftm-29DNF. (Id.) On or about September 22, 2008 plaintiffs filed a First Amended Complaint. (Id. at Exh. 1.) On or about September 29, 2008, plaintiffs filed a Second Amended Complaint adding Citgo Petroleum Corporation as a defendant. (Id. at Exh. 2.) On October 29, 2008, plaintiffs filed a Notice of Voluntary Dismissal of their Second Amended Complaint. (Id. at ¶ 2.) In an October 29, 2008 Order, this Court dismissed the previous action without prejudice pursuant to Rule 41(a)(1). (Doc. #11, p. 2.)

Rightway Foodmart argues that since plaintiff re-filed an action based on the same claim as in the previous action, the Court, in its discretion, should order plaintiffs to pay all or part of the costs of the previous action pursuant to Federal Rule of Civil Procedure 41(d). (Doc. #9 at ¶ 4.) Rightway Foodmart argues it should be reimbursed for the substantial sum of costs and attorneys' fees it incurred during the previous action. (Id. at ¶ 7.)

Plaintiffs contend that in the first action Defendant Rightway Foodmart filed a motion to dismiss the Second Amended Class Action Complaint on the grounds that FACTA is facially unconstitutional. (Doc. #11, p. 2.) At the time, the Eleventh Circuit was reviewing the constitutionality of FACTA. (Id.) Plaintiffs assert that they voluntarily dismissed their complaint pending the Eleventh Circuit's determination of the constitutionality of FACTA in Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301 (11th Cir. 2009). (Id.) After the Eleventh Circuit found FACTA constitutional in Harris, plaintiffs filed the instant action on August 3, 2009. (Doc. #1.)

Plaintiffs have an absolute right to a voluntary dismissal before an Answer or Motion for Summary Judgment is filed. See Fed. R. Civ. P. 41(a)(1)(A)(i); Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990)(collecting cases). However, if a plaintiff refiles an action based on the same claim against the same defendant a court, "(1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). The Court has broad discretion to award fees and costs. See Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 n.2, 1260 (11th Cir. 2001). Thus, "a court, in its discretion, should assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the facts surrounding the case justify an award of costs to prevent prejudice to the defendant." Wishneski

v. Old Republic Ins. Co., No. 5:06-cv-148, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006).

After review of both the defendant's and the plaintiffs' filings, the Court finds that due to plaintiffs' legitimate reasons for voluntary dismissal of the previous action and refiling of the instant action it will not impose costs.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Alternatively, dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiffs filed a one count purported class action complaint alleging that defendants Rightway Foodmart and Citgo Petroleum Corporation (Citgo) violated FACTA. (Doc. #1, ¶¶ 43-58.) In 2003, Congress enacted FACTA in order to prevent identity theft and credit and debit card fraud. The relevant provision of FACTA provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g). This FACTA provision required full compliance no later than December 4, 2006. Id.

Plaintiffs allege that they made purchases on November 11, 2007 at Rightway Foodmart and Citgo, located at 4387 Palm Beach Boulevard, Fort Myers, Florida, using their credit cards. (Id. at ¶ 48.) The merchant printed plaintiffs' full account numbers on the receipt provided to plaintiffs in violation of FACTA section 1681c(g)(1). (Id.) Furthermore, plaintiffs allege that defendants knew of the relevant provisions of FACTA, and willfully violated

and continue to violate FACTA's requirements. (Id. at ¶ 52.) Thus, plaintiffs assert, defendants are liable to plaintiffs for statutory damages, punitive damages, costs and attorneys' fees. (Id. at ¶¶ 56-57.) Plaintiffs also purport to represent all similarly situated persons whom used their credit card or debit card at Rightway Foodmart or any Citgo after December 4, 2006, and were provided an electronic receipt that displays their entire debit or credit card number. (Id. at ¶ 49.)

**III.**

Defendant Citgo filed a motion to dismiss arguing that plaintiffs have failed to state a claim. Citgo asserts that it does not own or operate any retail gas stations, it merely authorizes independent service station dealers and convenience-store operators to use Citgo's trademark, brand name, and other forms of identification in connection with the resale of Citgo-branded fuel. (Doc. #12, p. 5.) Citgo argues that since it does not own or operate any retail gas stations, it is not subject to FACTA because it is not a "person that accepts credit cards or debit cards for the transaction of business." (Id. at p. 6.) Furthermore, Citgo argues that plaintiffs have not sufficiently alleged that Citgo acted with willfulness in order to support statutory or punitive damages under FACTA. (Id.)

Defendant Rightway Foodmart argues in its motion to dismiss that plaintiffs have failed to establish that it knew of FACTA's requirements and thus it should not be liable for a willful

violation of FACTA. (Doc. #7, p. 3.) Defendant argues that FACTA requires willful noncompliance for statutory damages under 15 U.S.C. § 1681(n) and the violation must have been either knowing or reckless. (<u>Id.</u> at p. 5.) Defendant Rightway Foodmart argues that the complaint is insufficiently pled to substantiate knowledge or recklessness. (<u>Id.</u> at p. 6.)

With regards to whether FACTA applies to Citgo, plaintiffs allege that Defendant Citgo is "'a person that accepts credit cards or debit cards for the transaction of business' within the meaning of FACTA." (Doc. #1, ¶ 11.) At the motion to dismiss stage the Court must assume the truth of plaintiffs' factual allegations. <u>Erickson</u>, 551 U.S. at 94. Thus, plaintiffs have adequately pled that Citgo is subject to FACTA. Whether plaintiffs will be able to demonstrate that Citgo is 'a person that accepts credit cards or debit cards for the transaction of business' within the meaning of FACTA will be determined at summary judgment or trial.

The Court also finds that plaintiffs have sufficiently pled that defendants acted with willful noncompliance. The complaint alleges that defendants "willfully violated and continue to violate FACTA's requirements, . . ." (Doc. #1, ¶ 52.) In <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57-60 (2007), the Supreme Court found that statutory willfulness extends to acts known to violate the statute as well as acts done with reckless disregard of statutory duty. The case did not, however, provide that reckless disregard was an additional allegation that must be pled. Taking all

allegations as true as this stage of the proceedings, plaintiffs have sufficiently pled for purposes of Fed. R. Civ. P. 8 to provide defendant with notice that statutory damages will be sought. Whether plaintiffs will actually be able to demonstrate willfulness will be determined at summary judgment or at trial.

Accordingly, it is now

**ORDERED:**

1. Defendant Rightway Foodmart's Motion For Costs and For Stay Pending Payment of Costs with Incorporated Memorandum of Law (Doc. #9) is **DENIED.**

2. Defendant Rightway Foodmart's Motion to Dismiss Class Action Complaint (Doc. #7) is **DENIED.**

3. Defendant Citgo Petroleum Corporation's Rule 12(b)(6) Motion to Dismiss and Supporting Memorandum of Law (Doc. #12) is **DENIED.**

4. Pursuant to the December 11, 2009 Order (Doc. #31), the parties shall file a new Case Management Report within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of May, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record